In re ESTATE OF SVETICHAN, Deceased.

In re Wrongful Death Trust Created for the Benefit of Svetichan.

[Cite as *In re Estate of Svetichan,* 155 Ohio App.3d 566, 2003-Ohio-7044.]

Court of Appeals of Ohio,
Seventh District, Mahoning County.

Nos. 02 CA 246 and 03 MA 57.

Decided Dec. 16, 2003.

Lawrence Richards, for appellee.

Alan Matavich, for appellant.

VUKOVICH, Judge.

{¶ 1} Appellants Raymond M. Svetichan ("Ray Sr.") and his son Raymond M. Svetichan II ("Ray Jr.") appeal from the judgment of the Mahoning County Probate Court, which placed $300,000 from a settlement into a wrongful-death trust with Butler Wick as the trustee rather than give 19–year–old Ray Jr. the money outright. The issues are whether the court abused its discretion in determining that a wrongful-death trust was appropriate and whether the court erroneously appointed Butler Wick as trustee without Ray Jr.'s approval. For the following reasons, the decision of the trial court to create a wrongful-death trust is reversed.

## STATEMENT OF THE CASE

{¶ 2} On June 13, 2000, Ray Jr.'s mother died in surgery. Ray Sr. was the executor of his wife's estate, and he opened an estate case in order to probate her will. He also filed a wrongful-death action, which eventually settled. In August 2002, Ray Sr. applied to the probate court for approval of the settlement and distribution of the funds. A hearing was held before the magistrate on November 4, 2002. Ray Sr., Ray Jr., and Ray Sr.'s mother testified about Ray Jr.'s maturity and responsibility.

{¶ 3} On November 25, 2002, the magistrate determined that the settlement was reasonable, the litigation expenses were reasonable, and the attorneys were entitled to extraordinary fees. The magistrate then divided the funds among the beneficiaries. The disputed portion of the magistrate's decision deals with how the portion of the funds awarded to Ray Jr. were distributed. Specifically, Ray Jr. was awarded a total of $420,671 with $120,671 to be paid immediately and $300,000 to be placed in a wrongful-death trust with a corporate trustee. The magistrate noted that Ray Jr. could suggest a corporate trustee to administer the trust. On November 29, 2002, the probate court entered an order approving the settlement and distribution of funds in this same manner. The Svetichans filed notice of appeal from this entry, resulting in case No. 02 CA 246.

{¶ 4} On December 6, 2002, the Svetichans filed objections to the magistrate's decision, arguing that it was against the weight of the evidence, contrary to law, and an abuse of discretion. They reviewed the testimony that established that Ray Jr. was trustworthy and financially responsible, concluding that he should have been awarded his entire share of the settlement outright. They alternatively argued that the beneficiary has the right to approve the trustee and that the trustee fees charged by a corporate entity could be avoided if a private individual like Ray Sr. were appointed as the trustee. While these objections were pending, the magistrate continued to act regarding appointment of the trustee and payment of the funds.

{¶ 5} On February 3, 2003, the magistrate stated that since no corporate trustee was suggested by the beneficiary, it would select Butler Wick. The magistrate also ordered Ray Sr. as executor to immediately pay $300,000 to Butler Wick as trustee for Ray Jr. A few days later, the probate court entered a similar order. On February 11, 2003, the Svetichans filed objections to the February 3 magistrate's decision appointing Butler Wick as trustee.

{¶ 6} On March 11, 2003, the probate court released its decision concerning the objections to the magistrate's November 25, 2002 decision and the magistrate's February 3, 2003 decision. The court explained that it had wide discretion under a statute allowing trusts to be created out of wrongful-death funds payable to those under 25. The court noted that Ray Jr. was given a sizable sum outright, $120,671. The court then concluded that the remaining $300,000 is a large sum that "should be managed by a professional corporate trustee who has the resources, ability and experience to manage that large amount of money for the benefit of this Beneficiary." The court advised that if Ray Jr. handles the initial amount in a mature manner, the court would consider releasing some or all of the remainder to him upon future application.

{¶ 7} As for the trustee issue, the court noted that Ray Jr. objects to any corporate trustee and will consent to appointment only of his father. The court stated that it "will not be subject to or held hostage by either of the Svetichans in the appointment of a trustee in this case." The court concluded that the statute requiring the beneficiary's approval of the trustee is subject to a rule of reasonableness and that in the absence of any particular reason advanced as to why Butler Wick should not serve, the magistrate's recommendation of this trustee would not be overruled. The court also justified its decision by noting that any corporate trustee fees are offset by the fact that the corporate trustee is not required to post a bond as would be required of Ray Sr. Thereafter, the court ordered the estate to transfer $300,000 to Butler Wick.

{¶ 8} The Svetichans again filed notice of appeal, resulting in case No. 03 MA 57. This case was consolidated with 02 CA 246. The Svetichans, hereinafter appellants, filed a brief containing two assignments of error.

## RELEVANT STATUTE

{¶ 9} The statute at issue under both assignments of error is R.C. 2125.03, which deals with distribution of a wrongful-death award. The relevant statutory section provides:

{¶ 10} "The court may create a trust for any beneficiary who is under twenty-five years of age by ordering that the portion of the amount received by the personal representative for that beneficiary be deposited in trust for the benefit

of that beneficiary, until the beneficiary reaches twenty-five years of age, and order the distribution of the amount in accordance with the provisions of the trust. Prior to appointment as a trustee of a trust created pursuant to this section, the person to be appointed shall be approved by each adult beneficiary and by the guardian of each minor beneficiary of the trust." R.C. 2125.03(A)(2).

## ASSIGNMENTS OF ERROR

{¶ 11} Appellants' assignments of error allege:

{¶ 12} "The probate court's order creating a wrongful death trust for appellant Raymond M. Svetichan, II, is against the weight of the evidence, contrary to law and an abuse of discretion."

{¶ 13} "The probate court's order appointing a corporate trustee for any wrongful death trust without the prior approval of Raymond M. Svetichan, II, an adult beneficiary, is contrary to law, against the weight of the evidence and an abuse of discretion."

{¶ 14} Under the first assignment of error, appellants note that pursuant to R.C. 3109.01, 18 is the age of majority, and an 18–year–old is capable of contracting and is considered to be of full age for all purposes. Appellants point out that Ray Jr. can vote, marry, and serve in the armed forces. Appellants point to testimony that establishes that Ray Jr. is responsible, mature, trustworthy, and reliable. He resides with his father, attends Youngstown State University full-time, and works for the family business part-time. He is said to have a good work ethic and a sense for the value of a dollar. His history of saving money from prior jobs was demonstrated in exhibits through the passbooks of two savings accounts. Testimony showed that he does not smoke or drink, was never a disciplinary problem, and was trusted to watch his grandmother's house and drive her cars. Appellants concede that the probate court has discretion under R.C. 2125.03(A)(2) to place wrongful-death proceeds in trust for a beneficiary under 25 but claim that under the testimony presented, the creation of a trust was an abuse of discretion in this case. They complain that the court pointed to nothing except the amount of money involved to support its decision. Finally, appellants conclude that imposition of a trust involves a waste of money that would otherwise benefit the beneficiary.

{¶ 15} An appellee's brief was filed by an attorney for Butler Wick, purportedly on behalf of the probate court. This brief counters that no testimony established that the son or father have any experience in investing. The brief also notes that the magistrate had the opportunity to observe Ray Jr. personally and that the court had already trusted Ray Jr. with $120,671 and advised that if he proved he was as responsible as he says, he can seek partial or total

termination of the trust prior to reaching age 25. Finally, this brief responds that the amount of money is an important factor to consider when determining whether to impose a trust on the proceeds meant for a beneficiary under age 25.

{¶ 16} R.C. 2125.03(A)(2) allows the probate court to use its discretion to place wrongful-death proceeds in trust for a beneficiary under 25 years of age. An abuse of discretion entails a decision that is unreasonable, arbitrary, or unconscionable. For the reasons that follow, we find an abuse of discretion under the facts and circumstances that exist in this case.

{¶ 17} While it is clear that the probate court was acting in a manner that it believed was prudent and in the best interest of appellant, it is important to keep in mind that such actions are ultimately a restraint on a competent adult to freely use and enjoy his own property. Persons of appellant's age have received personal injury awards, sports contracts, insurance proceeds, and inheritances in amounts larger than at issue here, without judicial scrutiny or control.

{¶ 18} Since R.C. 2125.03(A)(2) can operate as an intrusion by the government into the financial affairs of a competent adult, it should be utilized and implemented against the express wishes of the intended beneficiary only when the facts in a given case justify such a course of action. Here, the only reason decipherable from the record for creation of a trust was the amount of money. In contrast, there are numerous reasons for not imposing a trust, such as the work and savings history of appellant and his level of maturity.

{¶ 19} Moreover, we note that the probate court distributed $120,671 to Ray Jr., leaving $300,000 in trust. As such, the court apparently believed him to be responsible, mature, and capable of making informed decisions with regard to the amount distributed. Considering the testimony presented in favor of distribution outright and the fact that the court believed this testimony enough to distribute over $100,000 to Ray Jr., it was unreasonable to impose a trust on the remaining $300,000.

{¶ 20} Moreover, the possible benefits of a temporary trust must be viewed in light of the costs involved and the likelihood of a change in the beneficiary's characteristics. Under the facts and circumstances herein, imposition of a trust on $300,000 after distributing over $120,000 outright was unreasonable.

{¶ 21} We thus find that this assignment of error has merit. Appellant's second assignment of error complaining about the appointment of Butler Wick as trustee need not be addressed, as it has become moot by way of our sustaining the first assignment.

{¶ 22} For the foregoing reasons, we hereby reverse the probate court's decision and order distribution of the remaining $300,000 in proceeds to Raymond M. Svetichan II (Ray Jr.).

Judgment reversed.

WAITE, P.J., and DEGENARO, J., concur.